HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL FREDERICK GENUNG,

            Plaintiff,

     v.

CLEAR RECON CORPORATION;
WELLS FARGO BANK, NA.; THE
BANK OF NEW YORK AS
TRUSTEE FOR WORLD SAVINGS
BANK MORTGAGE PASS-
THROUGH CERTIFICATES REMIC
35 TRUST, corporations,

            Defendants.

CASE NO. C16-692 RAJ

ORDER

     This matter comes before the Court on Defendants' Wells Fargo Bank, N.A. ("Wells Fargo") and The Bank of New York Mellon as Trustee ("BNY") Motion to Dismiss.  Dkt. # 13.  Defendant Clear Recon Corporation ("CRC") joins the motion.  Dkt. # 15.  Plaintiff Paul Frederick Genung opposes the motion.  Dkt. # 20.  For the reasons that follow, the Court **GRANTS** Defendants' motion.

## I.      BACKGROUND

In April 2008, Mr. Genung obtained a loan from Wachovia Mortgage, FSB.  Dkt. # 3 (First Amended Complaint) at ¶¶ 16-17.  In January 2009, Mr. Genung defaulted on the loan and Wells Fargo, successor to Wachovia Mortgage, began non-judicial foreclosure proceedings against the property that was used to secure the loan.  Dkt. # 13 at p. 2.

In October 2011, Wells Fargo sued Mr. Genung, seeking to quiet title against him and bringing a claim for fraudulent conveyance.  *Wells Fargo Bank, N.A. v. Genung, et al.*, Dkt. # 23, No. C11-1698JLR (W.D. Wash. July 23, 2012).  In that lawsuit, Wells Fargo alleged that Mr. Genung attempted to fraudulently convey the property to his "good friend," Mr. Rhyne.  *Id*. at 2.  In his Answer, Mr. Genung alleged counterclaims against Wells Fargo.  *Id*. at 14.  Mr. Genung alleged that Wells Fargo had securitized the loan and therefore was not in a position to declare default or cause a foreclosure.  *Id*. at 2.  The court found that "Mr. Genung acted with actual intent to hinder Wells Fargo's efforts to collect on the loan."  *Id*. at 19.  Accordingly, the court granted summary judgment on Wells Fargo's claim for fraudulent conveyance.

In April 2013, Wells Fargo again sued Mr. Genung based on the subject loan. *Wells Fargo Bank, N.A. v. Genung*, No. C13-0703 JLR, 2013 WL 6061592 (W.D. Wash. Nov. 18, 2013).  In this lawsuit, Wells Fargo again accused Mr. Genung of recording fraudulent documents.  *Id*. at *1.  Specifically, Mr. Genung sent a document to Wells Fargo titled "Draft/Money Order" that purported to pay the balance of Mr. Genung's loan from a private account with the United States Department of Treasury referencing Mr. Genung's social security number.  *Id*.  Wells Fargo rejected the Money Order, but Mr. Genung nevertheless stamped the Money Order as accepted.  *Id*. at *2.  In his Answer, Mr. Genung again asserted various counterclaims against Wells Fargo.  *Id*.  The court found the Money Order to be "fraudulent on its face."  *Id*. at *5.  Accordingly, the Court

granted Wells Fargo's motion for summary judgment on its claims for breach of contract and declaratory judgment. *Id.*

Mr. Genung is now suing Wells Fargo based on the same underlying loan at the core of the previous two lawsuits. Dkt. # 3 (First Amended Complaint). His claims revolve around his belief that Wells Fargo cannot foreclose on his property to satisfy the loan. *Id.* Wells Fargo seeks dismissal of Mr. Genung's claims due to lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and because the claims are barred under the doctrine of res judicata. Dkt. # 13 at pp. 4-5.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III.   DISCUSSION

A. <u>Res Judicata</u>

The doctrine of res judicata "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations omitted); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.") (internal quotations omitted).  The doctrine serves the important public policy of providing "an end to litigation" and ensures that "matters once tried shall be considered forever settled as between the parties." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401-02 (1981).  The doctrine applies equally to a party who fails to plead a compulsory counterclaim. *Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL-CIO v. G. P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966) ("If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again.").

To determine whether a subsequent lawsuit involves the same causes of action as a prior suit, the court must consider the following four factors: (1) whether rights established by the prior judgment would be impaired by prosecution of the second action, (2) whether both actions present substantially the same evidence, (3) whether both actions involve infringement of the same right, and (4) whether both actions arise out of the same transactional nucleus of facts. *Constantini*, 681 F.2d at 1201-02.  Of these four factors, the last is most important. *Id*. at 1202; *see also Owens*, 244 F.3d at 714 ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts.") (internal quotations omitted).

1    There is no doubt that this case arises from the same transactional nucleus of facts
2    as the previous two lawsuits.  Specifically, this lawsuit arises out of Mr. Genung's default
3    on his April 2008 loan and his resultant attempts to stop the foreclosure of his property.
4    To be sure, Mr. Genung claims there to be "[n]ewly [d]iscovered [e]vidence" underlying
5    this matter that makes this a "new case." Dkt. # 20 at p. 2.  However, he fails to point to
6    a single new fact or piece of evidence existing in this suit that was missing from the
7    previous two suits.  The Court finds that res judicata applies in this case, and therefore
8    Mr. Genung is barred from raising these claims against Wells Fargo.

9    The Court notes that neither CRC nor BNY was present in the prior two lawsuits
10   and therefore claim preclusion may not apply to these defendants.  However, Mr. Genung
11   failed to specifically allege any claim against these remaining defendants. *See, generally*,
12   Dkt. # 3 (First Amended Complaint).  Although a *pro se* litigant like Mr. Genung "may
13   be entitled to great leeway when the court construes his pleadings, those pleadings
14   nonetheless must meet some minimum threshold in providing a defendant with notice of
15   what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199
16   (9th Cir. 1995).  Mr. Genung has therefore failed to adequately plead facts demonstrating
17   any plausible claim for relief against CRC or BNY.

18   **IV.    CONCLUSION**

19   For all the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.
20   Dkt. # 13.

21   DATED this 15th day of March, 2017.

The Honorable Richard A. Jones
United States District Judge